IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALLAINA BRACKENRIDGE, ET AL. § | | |
| Plaintiffs, § | | |
| § | | |
| V. § | CIVIL ACTION NO. 4:25-CV-1288-P | |
| § | | |
| WELLS FARGO BANK N.A., ET AL., § | | |
| Defendants. § | | |

### FINDINGS, CONCLUSION, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING SUBJECT MATTER JURISDICTION

Before the Court is *pro se* Plaintiffs Allaina and Windell Brackenridge's Complaint filed November 14, 2025 [doc. 1]. This case was automatically referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

### I.   BACKGROUND

In their Complaint, Plaintiffs, citing to provisions of the Texas Family Code, have asserted a claim for "Interference with Possessory Interest" against Defendants Wells Fargo Bank N.A., Michael Santomassimo, Thuy Fraizer, Donna Stockman, Matthew K. Hansen, Kaci Jones, Nancy Lee, and Robert T. Mowery."[1] (Plaintiffs' Complaint ("Pls.' Compl.") at 1, 8-13.) Plaintiffs' claims apparently arise out of Defendants' alleged attempts to foreclose (or involvement with such attempts) on Plaintiffs' property located at 6165 Striper Drive, Fort Worth, Texas 76179. (*Id*.) Plaintiffs allege, *inter alia*, that "Allaina has the right to possession right to; 'Deed' of property 6165 Striper Drive; under the Temporary Restraining Order dated date May 31, 2024, and issued

---

[1] *See*, *e.g.*, *Rink v. Guzman Pruneda*, No. SA-14-CA-551-FB, 2014 WL 12878931, at *3 (W.D. Tex. Aug. 13, 2014) (recognizing a state-law claim for "tortious interference with possessory interest"), *rep. and rec. adopted*, 2014 WL 12878930 (W.D. Tex. Sept. 30, 2014).

by 236th Judicial Court, in Tarrant County District Court Texas, cause number 236-352079-24." (Pls.' Compl. at 4 (mistakes in original).)  Plaintiffs, citing to Texas Family Code § 42.002(6), claim that Defendants "violated Allaina court-ordered possessory rights by taking/retaining possession of the 'Deed' of private property 6165 Striper Drive;  and concealing the, whereabouts when Windell and Allaina was entitled to possession and of access to the 'Deed' of private property 6165 Striper Drive)."  (Pls.' Compl. at 8 (mistakes in original).)  Plaintiffs, citing to Texas Family Code § 42.003, also allege that Defendants had actual or constructive notice "of the existence and contents of the order or reasonable cause to believe that the 'Deed' of private property 6165 Striper Drive, (was/were) the subject of an order."  (Pls.' Compl. at 9; *see* Pls.' Compl. at 8-13.)  Plaintiffs further allege that they reside in Tarrant County, Texas, and that Defendants Fraizer, Stockman, Henson, Jones, Lee, and Mowery are Texas residents.  (Pls.' Compl. at 1, 3-4.)

## II.   LEGAL ANALYSIS AND GROUNDS FOR DISMISSAL

### A. Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction."  *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "Federal courts have an affirmative duty to examine sua sponte the basis for subject matter jurisdiction."  *Contreras v. Wilson*, No. 4:22-CV-4015, 2023 WL 1998036, at *2 (S.D. Tex. Jan. 17, 2023), *rep. and rec. adopted*, 2023 WL 1994401 (S.D. Tex. Feb. 14, 2023). The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are met under 28 U.S.C. § 1332 or if the cause of action arises under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331. Absent jurisdiction conferred by statute or the Constitution, federal courts lack power to adjudicate

claims and must dismiss an action if subject matter jurisdiction is lacking. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, *Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

While not entirely clear, it appears that Plaintiffs, citing to Texas Family Code §§ 42.002(6) and 42.003, have asserted a state-law claim of tortious inference with possessory interest against all Defendants.[2] (Pls.' Compl. at 8-13.) Since Plaintiffs have not raised a federal question,[3] for the Court to have subject-matter jurisdiction over this case, there must be diversity of citizenship. To properly invoke diversity jurisdiction, Plaintiffs must allege that the amount in controversy exceeds $75,000 and that they are citizens of one state while the defendant is a citizen of another. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). In other words, a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Id.*

In this case, Plaintiffs, residents of Texas, are suing multiple Defendants. As set forth above, Plaintiffs allege that at least six of the eight named Defendants are also residents of Texas. Because Plaintiffs share the same state citizenship as at least six of the Defendants, the Court **FINDS and CONCLUDES** that it lacks subject-matter jurisdiction to hear this case as complete diversity does not exist.[4]

---

[2] Plaintiffs also mention an "action to quiet title" (Pls.' Compl. at 6), unclean hands, unjust enrichment, and fraud (Pls.' Compl. at 7). Even assuming that Plaintiffs were also attempting to bring such claims against Defendants, these are also state-law claims.

[3] The Court notes that Plaintiffs, on one page of their Complaint, randomly and confusingly cite to various sections of the Securities Exchange Act, as well as several sections in the Code of Federal Regulations. However, Plaintiffs have failed to state any claim under such provisions. (*See*, *e.g.*, Pls.' Compl. at 13.)

[4] "Dismissal of a case for lack of subject matter jurisdiction is without prejudice." *Contreras*, 2023 WL 1998036, at *2 (citing *Ruiz v. Brennan*, 581 F.3d 464, 473 (5th Cir. 2017)).

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS DISMISSAL** of this action **WITHOUT PREJUDICE** because the Court lacks subject-matter jurisdiction to hear the case.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 16, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED December 2, 2025.

                                                              JEFFREY L. CURETON
                                                            UNITED STATES MAGISTRATE JUDGE