IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALLAINA BRACKENRIDGE, ET AL. § | | |
|     Plaintiffs, § | | |
| § | | |
| V. § | | CIVIL ACTION NO. 4:25-CV-1288-P |
| § | | |
| WELLS FARGO BANK, ET AL. § | | |
|     Defendants. § | | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION ("FCR") OF THE UNITED STATES MAGISTRATE JUDGE REGARDING DESIGNATING PLAINTIFFS AS VEXATIOUS FILERS

On November 14, 2025, *pro se* Plaintiffs Allaina Brackenridge ("Allaina") and Windell Brackenridge ("Windell") (collectively referred to as "Plaintiffs") filed a Complaint [doc. 1] against Defendants Wells Fargo Bank N.A. ("Wells Fargo"), Michael Santomassimo, Thuy Fraizer ("Fraizer"), Donna Stockman ("Stockman"), Matthew K. Hansen ("Hansen"), Kaci Jones ("Jones"), Nancy Lee ("Lee"), and Robert T. Mowery ("Mowery"). From the Court's research, the instant case is the Plaintiffs' fifth cumulative case that one or both have filed in or removed to this district since June 2024.

| Case Number | Style | Date Filed/ Removed | Date Closed | Disposition |
|---|---|---|---|---|
| 4:24-CV-550-O | *Allaina v. Wells Fargo,*[1] *Santomassimo, Stockman, Frazier,*[2] *Connie Stockman, McCarthy & Holthus, LLP, Locklord LLP* | 6/13/2024 (removed from 236th Judicial District Court, Tarrant County, TX) | 12/11/2024 | Allaina's claims were dismissed without prejudice for failure to state a claim upon which relief can be granted. |
| 4:25-CV-502-P (originally removed to the Dallas Division as cause no. 3:25-CV-953-B) | *Windell & Allaina (as a consolidated Plaintiff) v. Wells Fargo, Santomassimo, and Consolidated Defendants McCarthy Holthus LLP, Mowery,*[3] *Lock Lord LLP, Hansen, Stockman, Fraizer* | 4/16/2025 (removed from Justice Court, Precinct 4, Tarrant County) | Pending | FCR issued on 11/18/2025 recommending dismissal of Plaintiffs' FDCPA claims against Wells Fargo and Santomassimo and remanding the state-law claims to state court. |

---

[1] Wells Fargo removed the case from state court. Allaina subsequently added the additional Defendants.

[2] In this suit, Allaina referred to Fraizer also as Fraisher.

[3] Plaintiffs referred to Mowery as Mowrey in this case.

1

| 4:25-cv-673-P | *Windell v. Wells Fargo* | 6/30/2025 (removed from 352nd Judicial District Court, Tarrant County, TX) | 7/11/2025 | Consolidated with 4:25-CV-502-P |
|---|---|---|---|---|
| 4:25-CV-710-P | *Allaina v. Wells Fargo, Santomassimo, McCarthy & Holthus LLP, Frazier, Stockman, Locklord LLP, Hansen* | 7/7/2025 | 7/9/2025 | Consolidated with 4:25-CV-502-P |
| 4:25-CV-1288-P (this case) | *Windell & Allaina v. Wells Fargo, Santomassimo, Fraizer, Stockman, Hansen, Jones, Lee, Mowery* | 11/14/2025 | Pending | FCR issued on 12/2/2025 recommending dismissal of Plaintiffs' claims for lack of subject-matter jurisdiction. |

Courts possess the inherent power "'to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority.'" *Obama v. U.S.*, No. 3:09-CV-2260-K, 2010 WL 668847, at *2 (N.D. Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Included in this inherent power is the "'power to levy sanctions in response to abusive litigation practices.'" *Id.* "Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims." *Obama*, 2010 WL 668847, at *2 (citing Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993)). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Courts in the Fifth Circuit have cited the Tenth Circuit's advisory that "injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth," and that it is proper for the court to "provide[] guidelines as to what the litigant may do to obtain its permission to file an action," provided that the "litigant received notice and an opportunity to oppose the court's order before it was implemented."[4] *Flores v. U.S. Att'y Gen.*, No. 1:14-CV-198, 2015 WL 1088782, at *4 (E.D. Tex. Mar. 4, 2015) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (internal citation omitted)).

---

[4] This Findings, Conclusions, and Recommendation will serve as notice to Plaintiff and provide Plaintiff with an opportunity to oppose such Recommendation prior to it being adopted by the District Court Judge.

All of Plaintiffs' cases revolve around, in essence, their repeated attempts to prevent foreclosure proceedings on their home located at 6165 Striper Drive, Fort Worth, Texas ("the Property"). However, instead of filing one suit regarding all claims relating to their Property and allowing the justice system to come to an orderly disposition of such claims, Plaintiffs, together and individually, have engaged in a continual and nonstop pattern of filing duplicative and repetitive litigation in this Court and in various state courts. Such behavior only serves to abuse and waste limited judicial resources and needlessly harass the opposing parties. Consequently, the undersigned **FINDS and CONCLUDES** that Windell and Allaina's litigation history[5] has risen to the prevalence and level of harassment that existed in the cases cited above where sanctions were deemed appropriate. Windell and Allaina are hereby warned that sanctions may be imposed for any future abusive litigation practices. The Court would also direct that Windell and Allaina be required to obtain leave of court by motion before filing suit in this district.

Based on the foregoing, the Court **RECOMMENDS** that Windell and Allaina: (1) be declared vexatious litigants; (2) be warned that monetary sanctions may be imposed for future vexatious litigation considered to be abusive and harassing in nature; and (3) be ordered to obtain leave to court by filing a motion before Windell and/or Allaina or permitted to file any additional complaints in this district or remove any cases to this district.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has

---

[5] The Court notes that Windell also has a bankruptcy case pending, which he filed on July 1, 2025, in the U.S. Bankruptcy Court for the Northern District of Texas, cause no. 25-42419-mxm13.

3

been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 16, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 2, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE